# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KIMBERLY MAIER,**

      **Plaintiff,**

**v.**                                                        **Case No:   6:15-cv-2096-Orl-40KRS**

**RAVAGO AMERICAS, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 16)**
>
> **FILED:**  **February 16, 2016**

**I.   BACKGROUND.**

On December 14, 2015, Plaintiff Kimberly Maier filed her Complaint against Defendant Ravago Americas, LLC, raising a claim for failure to pay overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. Doc. No. 1. On February 16, 2016, counsel filed the instant motion, indicating that the parties reached a settlement and requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 16. They attached to the motion a fully executed copy of their settlement agreement. Doc. No. 16-1 (the "Settlement Agreement"). The parties also stipulate to an Order approving their settlement, and dismissing the case with prejudice. Doc. No. 16, at 8.

The motion was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

**III.   ANALYSIS.**

*A.   Whether Plaintiff Has Compromised Her FLSA Claim.*

Under the Settlement Agreement, Defendant will pay a total of $18,500.00. That amount includes $6,750.00 Plaintiff will receive for overtime compensation, $6,750.00 she will receive for liquidated damages, and $5,000.00 Plaintiff's counsel will receive for attorney's fees and costs. Doc. No. 16, at 4; Doc. No. 16-1, at 3. The motion indicates that Plaintiff contended she is entitled to up to $16,800.00 in overtime compensation. Doc. No. 16, at 4. Plaintiff has also asserted that she is entitled to liquidated damages and attorney's fees. Doc. No. 1 ¶¶ 37-38. Because Plaintiff will receive less than the amount she claims she is entitled to under the FLSA, she has compromised her FLSA claim within the meaning of *Lynn's Food*.

*B.   Whether the Compromise Is Fair And Reasonable.*

Because Plaintiff has compromised her claim, the Court must, under *Lynn's Food*, evaluate whether the Settlement Agreement is fair and reasonable. The parties represent that they disagree on whether Plaintiff worked off the clock, and, consequently, they dispute whether Plaintiff is entitled to any overtime compensation. Doc. No. 16, at 4-5. Plaintiff acknowledges she will have difficulty proving the number of hours she worked while off the clock, and the parties agree that her success on the merits of her claim is uncertain. *Id.* at 5-6. The parties were represented by counsel throughout settlement negotiations, and counsel indicate that the parties have conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion. *Id.* These facts adequately explain the circumstances giving rise to the Settlement Agreement and the reasons for the compromise. Accordingly, I recommend that the Court find that the compromise is

reasonable.[2]  *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

>  C.  *Whether the Attorney's Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised her FLSA claim, the Court must also consider whether the payment to her attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiffs agreed to accept.  *See Silva*, 307 F. App'x at 351.  "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti*, 715 F. Supp. 2d at 1228.  If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach.  *Id.*  Here, Plaintiff's counsel will receive $5,000.00 in attorney's fees and costs, and the parties represent that this amount was negotiated "separately and without regard to the amount paid to Plaintiff."  Doc. No. 16, at 7.  Based on this representation, there is no reason to believe that the amount Plaintiff agreed to accept was adversely affected by the amount of fees paid to her counsel.

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1.  **GRANT** the Joint Motion for Approval of Settlement (Doc. No. 16);

---

[2] The Settlement Agreement's release is limited to FLSA claims Plaintiff had as of the date of the agreement.  Doc. No. 16-1, at 2.  Thus, the release is not a general release, and it does not preclude a fairness finding.  *See Shearer v. Estep Constr. Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 U.S. Dist. LEXIS 65832, at *9-10 (M.D. Fla. May 20, 2015) (finding that general releases preclude a fairness determination under *Lynn's Food* because the value of unknown claims cannot be readily determined).

2. **FIND** that the parties' settlement agreement (Doc. No. 16-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3. **DECLINE** to retain jurisdiction to enforce the settlement agreement[3]; and

4. **DISMISS** this case with prejudice, and thereafter **DIRECT** the Clerk of Court to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 18, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[3] The parties do not explicitly request that the Court retain jurisdiction to enforce this settlement agreement. Nevertheless, I recommend that the Court decline to retain jurisdiction to avoid a later dispute regarding whether approval of the settlement agreement in an order dismissing the case constitutes retention of jurisdiction. *See, e.g., Warren v. Pepin & Pearl, Inc.*, No. 8:09-cv-2153-T-17EAJ, 2010 WL 4513424, at * 1-2 (M.D. Fla. Nov. 2, 2010).